UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 08-256 |
| CLYDE SISTRUNK | SECTION "A" |

## ORDER

Before the Court is defendant Clyde Sistrunk's **Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Memorandum in support of Motion to Correct Sentence** (Rec. Doc. #78 and 79). The Government responded to the defendant's motion (Rec. Doc. #85). Sistrunk replied to the Government's response (Rec. Doc. 86). The Government then filed its **Surreply to Petitioner's Response to Government's Opposition to Motion for Post-Conviction Relief Pursuant to 28 U.S.C. 2255**. For the following reasons, the petitioner's motion is DENIED.

## Statement of the Case

Clyde Sistrunk was arrested on September 24, 2008, after he attempted to deliver 200 units of 3,4-methylenedioxymethamphetamine (MDMA) to an individual cooperating with law enforcement. A subsequent search of his home produced 4,452 MDMA doses. (Rec. Doc. 42). According to the factual basis, Sistrunk admitted, in a post-Miranda statement, these 4,452 doses were part of a larger original shipment of 50,000 doses he received shortly after Hurricane Gustav. Id. On October 2, 2008, Sistrunk was indicted by a grand jury for one count of possession with intent to distribute a quantity of MDMA. (Rec. Doc. 7). On April 7, 2009,

1

Sistrunk plead guilty to the indictment, and he and his counsel signed the factual basis. He did not enter into a plea agreement, maintaining his right to appeal. (Rec. Doc. 56).

On September 1, 2009, Sistrunk came before the district court for sentencing. Sistrunk stated that he wanted to go to trial rather than plead guilty. He also claimed that he had asked his counsel, George Chaney, Jr. ("Chaney"), to withdraw his guilty plea. (Rec. Doc. 57). The court denied this motion, finding that Sistrunk's guilty plea was knowing and voluntary. Id. at 13-15. Sistrunk was sentenced to 216 months imprisonment as to Count 1 (Rec. Doc. 51). The sentence was within the advisory guideline range of 188-235 months. (Rec. Doc. 57 at 16).

Sistrunk appealed to the United States Fifth Circuit Court of Appeals. He challenged the District Court's denial of his oral motion to withdraw his guilty plea as an abuse of discretion, and contended that he was deprived of his Sixth Amendment right to counsel. (Doc. Rec. 66). On November 18, 2010, Sistrunk's conviction was affirmed. Id. The Supreme Court denied his writ of certiorari on March 22, 2011. (Doc. Rec. 77).

Sistrunk subsequently filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on March 22, 2012, raising the following claims: (1) That he was denied his Sixth Amendment right to retain counsel of his choice; (2) That the court violated his due process rights when it failed to order a competency hearing; (3) That his guilty plea was induced by physical duress and threats of being charged with additional crimes; and (4) That ineffective assistance of counsel played a part in the aforementioned claims. (Rec. Doc. 78).

## Discussion

**I. Issues (1), (2), and (3) Procedurally Barred Due to Previous Direct Appeal**

Generally, issues not raised on direct appeal are procedurally barred from further appeal

2

under collateral review. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F. 2d 228, 231 (5th Cir. 1991), (Rec. Doc. 85).

Since he did not waive his right to appeal, Sistrunk preserved his right to raise the previously mentioned issues on direct appeal. The only issue Sistrunk raised on appeal was whether the Court abused its discretion or deprived Sistrunk of his Sixth Amendment right to effective counsel when it denied his oral motion to withdraw his guilty plea. (Rec. Doc. 66). Therefore, Sistrunk's other claims that he was denied his Sixth Amendment right to retain counsel of his choice, that the court violated his due process rights when it failed to order a competency hearing, and that his guilty plea was induced by physical duress and threats of being charged with additional crimes were procedurally barred from further appeal under collateral review.

A petitioner may also, however, be entitled to relief under 28 U.S.C. § 2255. The Fifth Circuit holds that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "Because a challenge under Section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.'" Id. at 741-742.

"To satisfy the 'cause' standard, a petitioner must 'show that "some factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" United States v. Liedtke, 107 Fed. Appx. 416, 2004 WL 1809537 at **2 (5th Cir. 2004)(quoting United States

3

v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996)). In order to satisfy the "actual prejudice" standard, the petitioner must prove actual prejudice by the error. Id.

Sistrunk claims these issues were not raised on appeal because his appellate counsel was the same as his trial counsel, and, therefore, a conflict of interest existed sufficient to show cause for the default. (Rec. Doc. 78 at 4, 6-7). However, Sistrunk was represented by George Chaney, Jr. at trial and Robin Schulberg on appeal. Further, there is no evidence that Schulberg's performance on appeal was hampered by any conflict of interest due to her professional association with Chaney.

Finally, there is a limited exception to this rule for "'extraordinary' cases involving 'manifest miscarriage[s] of justice' that would result in the continued incarceration of one actually innocent of the offense." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991).

This limited exception for manifest miscarriage of justice does not apply here, as Sistrunk repeatedly admitted to possession of at least the 4,452 doses found at his home. (Rec. Doc. 79 at 15). The petitioner in this case now disputes the 50,000 dose amount contained in the factual basis that he signed as part of his guilty plea. (Rec. Doc. 42). However, because of Sistrunk's history as a career offender, his advisory guideline calculation (188 - 235 months) would have remained the same if he had been convicted of only the 4,452 doses seized. (Rec. Doc. 57). Because Sistrunk plead guilty, he received an offense level reduction for acceptance of responsibility. Had he been convicted, he would have been subjected to a higher sentencing guideline because he would not have received this reduction. Therefore, the sentencing guidelines would have been unaffected whether he plead guilty to one count of possession with intent to distribute 50,000 MDMA doses or whether he was convicted of possession with intent

4

to distribute 4,452 MDMA doses. (Rec. Doc 85). Therefore, this cannot be considered a "manifest miscarriage of justice," and the limited exception does not apply.

**II. Ineffective Assistance of Counsel**

Sistrunk also claims that his court-appointed counsel failed to provide assistance sufficient to satisfy his Sixth Amendment right to effective assistance of counsel. While this argument is not available on direct appeal and is appropriate as part of the present collateral motion, it is not supported by the record.

To prevail on a claim of ineffective assistance of counsel, a defendant must defeat the presumption of effective assistance of counsel through proof of "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 80 L. Ed. 2d 674 (1984). The defendant must then show a "reasonable probability" that such unprofessional acts or omissions would have affected the outcome of the proceeding. Id.

Sistrunk fails to provide support for acts or omissions on the part of counsel sufficient to defeat this presumption. First of all, Sistrunk swore in open court during his re-arraignment and his guilty plea that he was satisfied with his attorney's services. (Rec. Doc. 56 at 5, Rec. Doc. 85 at 16). Further, Sistrunk's defense was made difficult due to the circumstances of his arrest, the large quantity of MDMA found at his residence, and statements he reportedly made to police after being read his rights concerning the larger original shipment of the drugs. (Rec. Doc. 42). Sistrunk testified at the hearing on his motion to suppress the evidence. His motion was denied by this Court. (Rec. Doc. 37).

The procedure for accepting a guilty plea is purposefully structured to ensure the defendant fully understands the charges to which he is pleading and the consequences of that plea. The defendant was also given the opportunity in open court to comment on his attorney's services. The court also gave the defendant the opportunity to ask any questions he may have about his legal rights or the substance of the charges against him.

Sistrunk confirmed his ability to read, write, and understand the English language and he stated he had read and signed as true and correct the factual basis which formed the basis of his plea. The factual basis which he acknowledged as accurate recited the 50,000 dose amount. (Rec. Doc. 56 at 19). Therefore, the allegation that Chaney failed to effectively advocate that Sistrunk was only responsible for the 4,452 doses of MDMA is unconvincing.

In the present case, Sistrunk gave no indication of confusion, uncertainty, or displeasure with his counsel during his re-arraignment. He did choose to make several lengthy statements to the Court, none of which mentioned disagreement or confusion as to the contents of the factual basis, harsh conditions of confinement, or threats used to coerce his plea by his counsel, the prosecution, or law enforcement. Id. at 10, 12.

Accusations that the Federal Public Defender's Office arranged for harsh conditions of pre-trial detention or threatened Sistrunk with additional federal charges are unsupported and not credible. (Rec. Doc. 79 at 18).

In Sistrunk's **Reply to Government's Response to Motion to Vacate**, he accuses Assistant United States Attorney Emily Greenfield of prosecutorial misconduct. The Court finds that these accusations have no merit whatsoever.

Accordingly;

**IT IS ORDERED** that defendant Clyde Sistrunk's **Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Filed Pursuant to Title 28 U.S.C. § 2255** (Rec. Doc. 78) should be and is hereby **DENIED**.

October 11, 2012

_____
Judge Jay C. Zainey
United States District Judge